Receipt number 9998-5196272

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**THE STATE OF MISSISSIPPI, BY AND THROUGH DELBERT HOSEMANN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE AND SUPERVISORY TRUSTEE FOR 16TH SECTION LANDS FOR THE STATE OF MISSISSIPPI; JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI, *EX REL.* THE STATE OF MISSISSIPPI; CLAIBORNE COUNTY SCHOOL DISTRICT; NATCHEZ-ADAMS SCHOOL DISTRICT; AND WILKINSON COUNTY SCHOOL DISTRICT,**

***Plaintiffs*,**

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant.***

**CIVIL ACTION NO.:** 19-231 L

**COMPLAINT**

COME NOW, the State of Mississippi, by and through Delbert Hosemann, in his official capacity as Secretary of State and supervisory Trustee for the Public School Trust Lands for the State of Mississippi; Jim Hood, Attorney General of the State of Mississippi, *ex rel.* the State of Mississippi; Claiborne County School District, Natchez-Adams School District, and Wilkinson County School District (collectively "Plaintiffs"), and respectfully file this complaint against the United States of America ("Defendant" or "United States") and allege as follows:

## INTRODUCTION

1. At all times relevant to this complaint, Plaintiffs owned, and continue to own,

Public School Trust Lands, which have been set aside since the early 1800s for the use and benefit of public schools and education. This action seeks just compensation for the flooding and taking of these Public School Trust Lands caused by the affirmative acts of the United States, through its agency, the U.S. Army Corps of Engineers ("Corps").

2. The United States, through the Corps, is responsible for the designing, construction, and subsequent operation of the Old River Control Structure and its later ancillary structures (collectively "ORCS") on the Mississippi River—which directly, naturally, and foreseeably resulted in the flooding of Plaintiffs' Public School Trust Lands so as to constitute a taking of property without just compensation in violation of the Fifth Amendment to the United States Constitution.

3. The United States has not compensated Plaintiffs for any right to flood and take their Public School Trust Lands and Plaintiffs now request just compensation for the injuries, damages, and taking caused by the flooding—all in violation of the Fifth Amendment to the United States Constitution.

**STATEMENT OF JURISDICTION**

4. The foregoing paragraphs are incorporated here by reference, as if set forth in full.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon the Constitution and statutes of the United States and includes a claim of over $10,000.00 in damages.

**PARTIES**

6. The foregoing paragraphs are incorporated here by reference, as if set forth in full.

7. Delbert Hosemann, the Secretary of State and Public School Trust Lands supervisory Trustee ("Secretary of State"), is responsible for overseeing the management of the

Public School Trust Lands. *See* Miss. Code Ann. § 29-3-1(1). As such, the Secretary of State has a substantial interest relating to these lands and the revenues generated from these lands.

8. Jim Hood is the State's duly-elected Attorney General and is authorized to bring this action on the State's behalf, pursuant to the authority granted to his office by Miss. Const. art. 6, § 173 (1890) and by Miss. Code § 7-5-1. The State of Mississippi is a *body politic* created by the Constitution and laws of the State; as such, it is not a citizen of any state.

9. The Claiborne County School District is a political subdivision of the State with its principal place of business at 404 Market Street #A, Port Gibson, Mississippi 39150.

10. The Natchez-Adams School District is a political subdivision of the State with its principal place of business at 10 Homochitto Street, Natchez, Mississippi 39120.

11. The Wilkinson County School District is a political subdivision of the State with its principal place of business at 488 Main Street, Woodville, Mississippi 39669.

12. Defendant, the United States, is a sovereign entity and *body politic.* The United States*,* through its agency, the Corps, owns and has responsibility for operating the ORCS.

**STATUTES AND CONSTITUTIONAL PROVISIONS**

13. The foregoing paragraphs are incorporated here by reference, as if set forth in full.

14. Plaintiffs' claims are based upon (a) the Fifth Amendment to the United States Constitution, which prohibits the taking of private property for public use, without just compensation, and (b) the Tucker Act.

**FACTUAL ALLEGATIONS**

15. The foregoing paragraphs are incorporated here by reference, as if set forth in full.

16. Pursuant to Miss. Code Ann. § 29-3-1(1), Plaintiffs Claiborne County, Natchez-Adams, and Wilkinson County School Districts each have control and jurisdiction over the Public

School Trust Lands situated within their respective school district boundaries. This authority includes utilizing the resources of these lands, including but not limited to, selling timber and other forest products growing on these lands and/or leasing these lands for other beneficial uses—including timber production and recreation.

17. The Secretary of State, as the Public School Trust Lands supervisory Trustee, is responsible for overseeing the management of these lands. *See* Miss. Code Ann. § 29-3-1(1). As such, the Secretary of State has an interest relating to the property and the revenues generated from said lands.

18. This action seeks just compensation for Plaintiffs under the Fifth Amendment for property taken as a result of the Corps' design, construction, and subsequent operation of the ORCS and other related activities which is the direct, natural, and foreseeable cause of the flooding of the Public School Trust Lands.

***Construction and Operation of the Old River Control Structure***

19. In or around the early 1950s, the United States concluded that the Mississippi River was changing its direction and course as it approached and travelled through Louisiana. Rather than travel the winding route that went northwest to southeast, through Baton Rouge and New Orleans, Louisiana, to the Gulf of Mexico, a portion of the Mississippi River flowed to the Atchafalaya River ("the Atchafalaya") and then travelled the straighter, steeper, and shorter route to the Gulf of Mexico via the Atchafalaya.

20. Over time, the percentage of the Mississippi River that diverted to and flowed through the Atchafalaya was increasing. The United States determined that if this process were left unchecked, the Atchafalaya would increasingly capture the waters of the Mississippi River,

changing its course, and causing significant economic damage to cities such as Baton Rouge and New Orleans, Louisiana.

21. In 1954, Congress enacted legislation to construct a water control project, generally referred to as the Old River Control Structure or "ORCS" on the Mississippi River. The reports of the Mississippi River Commission and the Army Chief Engineers, on which the ORCS's justification rested, detailed economic losses to Louisiana if action were not taken to prevent the Mississippi River from rerouting into the Atchafalaya.

22. These reports were devoid of consideration of the negative impacts the ORCS would have on Plaintiffs' Public School Trust Lands and no flowage rights were acquired by the United States.

23. The ORCS was designed, constructed, and has since been operated by the United States through its agency, the Corps. It began operating in the 1960s and consists of several original structures and a hydropower plant, as well as auxiliary structures including the Old River Construction Complex—which was constructed after the ORCS was damaged during the Mississippi River Flood of 1973. The first structure was completed in 1963, the last structure in 1986, and the power plant in 1990.

24. The ORCS's various dams and waterways were designed to control and limit the volume of water flowing from the Mississippi River to the Atchafalaya, so that the Atchafalaya did not capture the Mississippi River and become the Mississippi River's route to the sea. In general, the ORCS maintains and limits the amount of the Mississippi River that flows through the Atchafalaya to approximately 23% to 25% of the volume of the Mississippi River.

***The United States' Taking of Plaintiffs' Property***

25. The design, construction, and subsequent operation of the ORCS and its later

ancillary structures by the Corps resulted in the direct, natural, and foreseeable flooding of Plaintiffs' Public School Trust Lands. The ORCS obstructed and stopped the natural flow of the Mississippi River and prevented it from diverting into the Atchafalaya. Had the Mississippi River been allowed to naturally divert into the Atchafalaya, the current flooding and taking of the Public School Trust Lands would not have occurred.

26. The ORCS releases approximately 23% to 25% of the Mississippi River water flow into the Atchafalaya, substantially less than the peak flows into the Atchafalaya in the mid-1970s prior to the repairs and reconstruction of the ORCS after the Mississippi River Flood of 1973.

27. The design and operation of the ORCS has also contributed to the current flooding problem by directly, naturally, and foreseeably causing enormous amounts of silt to drop out on the bottom and sides of the Mississippi River just downstream of the ORCS, narrowing the channel of the river by approximately 2,600 feet and raising the river bottom substantially—thus creating a weir which obstructs river flow and causes the river level upstream to pond and rise, creating and exacerbating the floods on the Public School Trust Lands.

28. Other acts of the Corps have also exacerbated the flooding of the Public School Trust Lands, including the Corps straightening and shortening of the Mississippi River by cutting new channels to eliminate many oxbows. These actions have directly, naturally, and foreseeably caused runoff upstream to flow faster downstream to the aforesaid weir, where it adds to the volume of water impounded by the Corps-created weir.

29. As a direct, natural, and foreseeable result of the Corps' affirmative acts, silts and sediments have accumulated, therefore slowing the flow of the Mississippi River, raising water levels upstream from the ORCS, and causing recurring flooding upstream from the ORCS.

30. As a direct, natural, and foreseeable result of these actions, the Corps has caused a permanent increase in the number of total flood days and severity of floods on the Public School Trust Lands, including but not limited to the following parcels:

| **Adams County** | **Number of Acres** |
|---|---|
| Sec. 1, T8N, R3W | 323 |
| Sec. 3, T6N, R4W | 510 |
| Sec. 5, T7N, R3W | 3,001 |
| Sec. 11, T3N, R5W | 427 |
| Sec. 12, T5N, R4W | 151 |
| Sec. 14, T3N, R4W | 211 |
| Sec. 16, T4N, R4W | 213 |
| Sec. 29, T5N, R3W | 704 |
| **Claiborne County** | |
| Sec. 14, T13N, R2E | 384 |
| Sec. 16, T11N, R1E | 38 |
| Sec. 23, T12N, R1E | 235 |
| **Wilkinson County** | |
| Sec. 14, T3N, R4W | 438 |
| Sec. 23, T2N, R4W | 656 |
| Sec. 30, T4N, R3W | 640 |

31. Many of these parcels are used and/or leased by Plaintiffs for the purpose of growing and harvesting timber and recreational uses. The prolonged duration and the increased severity of the flooding caused by the Corps has substantially damaged Plaintiffs' timber crops and impaired the ability of these lands to grow future timber and other crops. The prolonged and increased flooding has also substantially decreased the ability of Plaintiffs to lease the flooded land at its highest and most profitable value and otherwise diminished the value of these lands. The prolonged and increased flooding has also substantially impacted Plaintiffs use of these lands for recreational and other beneficial uses.

32. The flooding caused by the Corps is intermittent, but now inevitably recurring so

as to be permanent in nature. Floods are now occurring on an almost annual basis, where floods occurred far less frequently in the past.

33. The flooding is the direct, natural, and foreseeable result of the Corps' affirmative operation of the Mississippi River, including its design, construction, and subsequent operation of the ORCS and its ancillary structures.

34. If there had been no action by the United States at all, the Plaintiffs' Public School Trust Lands would not have flooded as complained of herein.

35. Plaintiffs reasonably expected that the Public School Trust Lands would be free of the prolonged and increased flooding caused by the actions of the Corps. The flooding caused by the Corps constitutes a severe invasion to Plaintiffs' reasonable expectations as to the highest and best use of its said lands. The flooding has severely damaged timber, interfered with Plaintiffs' ability to put said lands to its best and most profitable use, and substantially decreased the value of said lands.

## CLAIMS FOR RELIEF

### COUNT I
### TAKING OF TIMBER AND DESTRUCTION OF SOIL STRUCTURE IN VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT

36. The foregoing paragraphs are incorporated here by reference, as if set forth in full.

37. At all times relevant to this complaint, Plaintiffs owned the said Public School Trust Lands, including the timber and soil structure on these lands. Timber and soil structure constitute a property interest, the destruction of which is a compensable taking under the Fifth Amendment.

38. By and through its affirmative activities, including the design, construction, and subsequent operation of the ORCS, the Corps violated the Fifth Amendment by taking Plaintiffs'

said lands without just compensation, including its timber and soil resources. These actions violated Plaintiffs' protectable property rights and their reasonable expected use of said lands.

39. The repeated flooding of said lands has caused destruction of Plaintiffs' valuable timber resources, which constitutes a taking of private property for public use, for which no compensation has been made by the United States.

40. The flooding has also placed many other trees in a condition of rapid decline. The lingering effects of prolonged flooding during the growing season will continue to destroy the timber on said lands.

41. The repeated flooding has also caused destruction of Plaintiffs' valuable soil resources that support the growth of bottomland hardwood timber, which constitutes a taking of private property for public use, for which no compensation has been made by the United States.

42. The flooding has also changed the soil structure and hydrology such that it is not conducive to growth of bottomland hardwood timber, which constitutes a taking of private property for public use, for which no compensation has been made by the United States.

43. This taking occurred in 2016 when the permanency of the pattern of regular flooding became stabilized and it became known that this permanent state was caused by the activities of the Corps due to its operation of the Mississippi River, including its design, construction, and subsequent operation of the ORCS.

44. The consequences of the flooding were manifested such that a final account may be struck.

## COUNT II
## TAKING OF FLOWAGE AND DRAINAGE EASEMENTS IN VIOLATION OF THE TAKINGS CLAUSE OF THE FIFTH AMENDMENT

45. The foregoing paragraphs are incorporated here by reference, as if set forth in full.

46. As the direct, natural, and foreseeable result of the Corps' activities in the operation of the Mississippi River, including its construction and operation of the ORCS, Plaintiffs' Public School Trust Lands have been subjected to frequent and prolonged flooding and the continued risk of frequent and prolonged flooding. These consequences are the direct, natural, and foreseeable result of the affirmative actions of the Corps in connection with its operation of the Mississippi River.

47. As a result of the foregoing, the Corps has taken a flowage and drainage easement on Plaintiffs' Public School Trust Lands without just compensation in violation of the Fifth Amendment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter judgment on their behalf, against the Defendant, adjudging and decreeing that:

a. Defendant took Plaintiffs' property without just compensation in violation of the Fifth Amendment to the United States Constitution;

b. Judgment be entered against Defendant and in favor of Plaintiffs for compensation for the property rights taken, together with the costs of suit, including reasonable attorneys' fees;

c. Plaintiffs be awarded such additional relief as may be required and that the Court may deem just and proper under the circumstances; and

d. Plaintiffs be awarded just compensation of not less than $25,000,000.00 for their compensable losses.

Respectfully submitted, this the 11th day of February, 2019.

THE STATE OF MISSISSIPPI, BY AND THROUGH DELBERT HOSEMANN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE AND SUPERVISORY TRUSTEE FOR 16TH SECTION LANDS FOR THE STATE OF MISSISSIPPI; JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI, *EX REL.* THE STATE OF MISSISSIPPI; CLAIBORNE COUNTY SCHOOL DISTRICT; NATCHEZ-ADAMS SCHOOL DISTRICT; AND WILKINSON COUNTY SCHOOL DISTRICT

By: /s/ *Don Barrett*

John W. (Don) Barrett
BARRETT LAW GROUP, P.A.
404 Court Square
Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
donbarrettpa@gmail.com

**Of Counsel:**

Donald L. Kilgore
George W. Neville
Jacqueline H. Ray
Special Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel: (601) 359-3680
dkilg@ago.state.ms.us
gnevi@ago.state.ms.us
jacra@ago.state.ms.us

David McMullan, Jr.
BARRETT LAW GROUP, P.A.
404 Court Square
Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
donbarrettpa@gmail.com

dmcmullan@barrettlawgroup.com

Jonathan W. Cuneo
Mark Dubester
Jennifer E. Kelly
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Ave. NW, Ste. 200
Washington, DC 20016
Tel: (202) 789-3960
JonC@cuneolaw.com
mark@cuneolaw.com
jkelly@cuneolaw.com

Gerald M. Abdalla, Jr.
ABDALLA LAW, PLLC
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Tel: (601) 487-4590
jerry@abdalla-law.com

Richard R. Barrett
LAW OFFICES OF RICHARD R. BARRETT, PLLC
2086 Old Taylor Rd, Suite 1011
Oxford, MS 38655
Tel: (662) 380-5018
rrb@rrblawfirm.net

ATTORNEYS FOR PLAINTIFFS