IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STATE OF MISSISSIPPI, *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | Consolidated |
| ) | Nos. 19-231 L / 19-258 L |
| v. ) | |
| ) | Judge Elaine D. Kaplan |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |

PLAINTIFFS' SUR-REPLY TO
UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS

The State of Mississippi Plaintiffs and the Williams Plaintiffs, through undersigned counsel, respectfully file this Sur-reply to Defendant's Motion to Dismiss on the sole issue of Plaintiffs' standing. In support of this Opposition, Plaintiffs respectively submit:

**I.   The State of Mississippi Secretary of State and Attorney General Have Standing in a Representative Capacity**

The property at issue in the State Amended Complaint ("SAC") consists of Public School Trust lands, which are used by various counties in Mississippi to raise revenues for the local school districts. SAC ¶ 10. The SAC refers to these properties as the "State's land," SAC ¶ 18, and describes the Secretary of State as the individual responsible for "overseeing the management of these lands." SAC ¶ 11. The Public School Trust properties are also referred to in other contexts as "sixteenth section" lands, in reference to the fact that when Mississippi acquired land from the United States in the early 1800s, every "sixteenth section" was reserved for public education. *See* SAC ¶11; Miss. Code Ann. § 29-3-1(1) *et seq*. As summarized by the Mississippi Supreme Court: "The State is the titleholder of sixteenth-section [*i.e.*, Public School Trust] lands, which it holds in trust for the benefit of the public schools." *Jones. Cnty. Sch. Dist. v. Miss. Dept. of Revenue*, 111 So.3d 588, 595 (2013) (citations and internal quotes omitted).

1

In connection with litigation over these lands, Mississippi courts have routinely recognized that the Mississippi Secretary of State, in his representative capacity, is the proper named party to bring or defend suit.  *See, e.g.*, *Id*. (Secretary of State participates as a party in representative capacity in connection with tax litigation arising from oil drilling on sixteenth section lands); *Benson v. Neshoba Cnty. Sch. Dist. and Delbert Hosemann, Secretary of State for the State of Mississippi*, 102 So.3d 1190 (2012) (Miss. Ct. App. 2012) (Secretary of State Hosemann sues in his official capacity to address below-market rate lease of sixteenth section lands); *Eric Clark, Secretary of State, State of Mississippi v. Stephen D. Lee Foundation*, 887 So.2d 798 (Miss. 2004) (Secretary of State is named party in sixteenth section lease litigation). Notably, the introductory paragraph in the SAC identifies Secretary Hosemann as bringing suit "in his official capacity."

Similarly, the introductory paragraph of the SAC identifies Jim Hood as "Attorney General of the State of Mississippi, *ex. rel*. the State of Mississippi."  Under Mississippi law, the Attorney General is permitted to bring and defend civil cases in his official capacity, and has frequently done so.  *See*, *e.g.*, *Khosla v. State of Mississippi ex rel. Jim Hood*, Case No. 2017-IA-01637-SCT, 2019 WL 3955169 (Miss. Aug. 22, 2019); *Google, Inc. v. State ex rel. Jim Hood*, 268 So.3d 1282 (mem) (Miss. Aug. 8, 2018); *State ex rel. Jim Hood v. Louisville Tire Ctr., Inc.*, 204 So.3d 1250 (Miss. 2016); *Davis v. State ex rel. Him Hood*, 198 So. 3d 367 (Miss. Ct. App. 2015).

The Secretary of State and the Attorney General are appropriately identified as pursuing this litigation on behalf of the State of Mississippi in their respective representative capacities. The contentions that they lack standing because the Complaint fails to state that they actually "own specific property interests that were alleged [sic] taken," *Def.'s Reply* at 22, is meritless.

## II.     The Williams Plaintiffs Have Standing

The property at issue in the Williams Amended Complaint ("WAC") is owned by a revocable trust, created by Kelley Williams, Sr., of which he is the trustee. WAC ¶ 10. There is no question that Kelley Williams, Sr., the trustee, is a proper person to bring suit on behalf of the trust. *See*, *e.g.*, *George Family Trust v. United States*, 91 Fed. Cl. 177 (2009) (claim for taking resulting from flooding pursued by trustees on behalf of trusts). This is mainstream trust law. *See*, *e.g.*, Miss. Code Ann. §§ 91-8-809 ("A trustee shall take reasonable steps to take control of and protect the trust property."); 91-8-811(a) ("A trustee shall take reasonable steps to enforce claims of the trust").

In takings litigation "[p]roperty rights are generally defined by state law[.]" *Hage v. United States*, 35 Fed. Cl. 147, 168 (1996). *See also*, *Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement*, 962 F.2d 1192, 1198 (6th Cir. 1992) (referring to state law as the federal standard for determining compensation for gas easements acquired by eminent domain: "First, property rights have traditionally been, and to a large degree are still, defined in substantial part by state law."). The four beneficiaries of the Williams Trust – Kelley Williams, Sr. (reversionary interest), and his sons Kelley Williams, Jr., George Williams, and Cliff Williams – each have genuine and legitimate interests in the subject property. Mississippi caselaw has recognized in the very context of an eminent domain case that a "future" interest in property can constitute a "present interest" in property, even if not yet "vested," and such an interest is entitled to judicial recognition and protection:

> In summary, the precedent and statutory history of the law of this state place an independent value and significance on future interests, whether 'vested' or not. A future interest, such as the executory one owned by appellants, is property which now exists. The privilege of possession and enjoyment is future and not present, but it is an existing interest. Furthermore, Miss. Const. Sec. 17 was intended to

protect all interests in property, and to prevent the state from taking the same without due compensation to the owners.

*Hemphill v. Mississippi State Highway Comm.*, 145 So.2d 455, 462 (Miss. 1962).[1]

At most, the inclusion of Kelley Williams, Sr. in his personal capacity and his three sons as plaintiffs is surplusage. There is no possible prejudice to the United States from their continued inclusion in this case as named plaintiffs. Moreover, their continued inclusion will assure that they are bound by collateral estoppel as to the issues raised in this litigation.

WHEREFORE, Plaintiffs request this Court deny the Defendant's Motion to Dismiss the named Plaintiffs be denied.

Respectfully submitted, this the 6th day of September 2019.

By: /s/ *Don Barrett*
John W. (Don) Barrett
BARRETT LAW GROUP, P.A.
404 Court Square
Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
donbarrettpa@gmail.com

**Of Counsel:**

David McMullan, Jr.
BARRETT LAW GROUP, P.A.
404 Court Square
Lexington, Mississippi 39095
Tel: (662) 834-2488
Fax: (662) 834-2628
dmcmullan@barrettlawgroup.com

---

[1] *See also*, *Lawson v. State*, 730 P.2d 1308, 1315 (Wash. 1986) (*en banc*) (future interest of "substantial character" entitled to constitutional protection (citing *Hemphhill*)).

Jonathan W. Cuneo
Mark Dubester
Jennifer E. Kelly
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202) 789-3960
Fax: (202) 789-1813
jonc@cuneolaw.com
mark@cuneolaw.com
jkelly@cuneolaw.com

Jerry Abdalla
ABDALLA LAW, PLLC
602 Steed Road, Suite 200
Ridgeland, MS 39157
Telephone: (601) 487-4590
jerry@abdalla-law.com

Richard Barrett
LAW OFFICES OF RICHARD R. BARRETT, PLLC
2086 Old Taylor Rd, Suite 1011
Oxford, MS 38655
Telephone: (662) 380-5018
Fax: (866) 430-5459
rrb@rrblawfirm.net

Robert J. Cynkar
MCSWEENEY, CYNKAR & KACHOUROFF, PLLC
10506 Milkweed Drive
Great Falls, VA 22066
Telephone: (703) 621-3300
rcynkar@mck-lawyers.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I did on this 6th day of September 2019 cause the above and foregoing to be sent via electronic transmission to:

Lawrence Van Dyke
Deputy Assistant Attorney General
Environment and Natural Resources Division
Law and Policy Section
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Email:  lawrence.vandyke@usdoj.gov

Davené D. Walker
Jacqueline C. Brown
Brent H. Allen
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 353-9213
Facsimile: (202)305-0506
Email:  davene.walker@usdoj.gov
       jacqueline.c.brown@usdoj.gov
       brent.allen@usdoj.gov

*Attorneys for Defendant, the United States*

                                            By: /s/ *Don Barrett*